# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBRIDE | ) |
| Plaintiff | ) |
| v. | ) **Case No.:** |
| ALLY FINANCIAL, INC., | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |

## COMPLAINT

JOHN MCBRIDE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLY FINANCIAL, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing Pittsburgh, Pennsylvania 15227.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its office located at 200 Renaissance Center, Detroit, Michigan 48265.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in September 2014, and continuing through June 2015, Defendant called Plaintiff on his cellular telephone.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Although Plaintiff has an account with Defendant, he revoked consent to be contacted in September 2014 when the calls began.

17. Defendant heard Plaintiff's revocation of consent, but failed to update its records to stop the calls to Plaintiff's cellular telephone.

18. Rather, Defendant continued to call Plaintiff's cellular telephone without his express consent.

19. Thereafter, on multiple occasions, Plaintiff spoke with Defendant to tell them to stop calling him, but the calls continued.

20. In fact, on April 3, 2015, the undersigned's firm sent written correspondence to Defendant advising that Plaintiff was represented by counsel, to cease calling him, and revoking all prior authorization to call his cellular telephone.

21. Despite having received the written cease and desist letter on April 6, 2015, Defendant continued to call Plaintiff's cellular telephone.

22. Most recently, Defendant called Plaintiff on June 24, 2015.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff, in and after September 2014, were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN MCBRIDE, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN MCBRIDE, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

                                    RESPECTFULLY SUBMITTED,

DATED: 07-02-15                KIMMEL & SILVERMAN, P.C.

                                  By: */s/ Craig Thor Kimmel*_____
                                        CRAIG THOR KIMMEL
                                        Attorney ID # 57100
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Fax: (877) 788-2864
                                        Email: kimmel@creditlaw.com