# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCBRIDE, | ) |
| Plaintiff, | ) Civil Action No. 15-867 |
| v. | ) Judge Cathy Bissoon |
| ALLY FINANCIAL, INC., | ) |
| Defendant. | ) |

## ORDER

The pending Motions in this case are resolved as follows. First, Defendant's Motion to file a surreply (**Doc. 25**) – which, in reality, seeks leave to file a *reply* brief – is **GRANTED**, but only to the extent that the Court has considered the contents of said Motion for the purposes of ruling on Defendant's underlying stay-request. In other words, Defendant's request to file even more briefing (*see id.* at 3) is denied.

Second, Defendant's Motion (**Doc. 20**) to stay this case pending the Supreme Court's decision in *Spokeo, Inc. v. Robins* is **DENIED**. Assuming, without deciding, that defense counsel's underlying legal premises are correct, Plaintiff already has alleged sufficient facts to support a plausible claim of injury-in-fact. *See* Compl. (Doc. 1) at ¶¶ 12, 30 (seeking "actual damages," and alleging that Plaintiff's cellular telephone service "incurs . . . charge[s] for incoming calls").[1] Plaintiff's allegations of actual damage distinguish this case from the one

---

[1] To the extent that Defendant complains of Plaintiff's having attempted an impermissible amendment of the pleadings through his briefing, the Court notes that the CMO-deadline for motions to amend has not yet expired. *See* Def.'s Reply (Doc. 25) at 1-2 (noting assertions in briefing, not stated in Complaint, that Plaintiff also seeks compensation for "invasion of privacy, annoyance, inconvenience and harassment"); *see also* CMO (Doc. 15) at ¶ 3 (deadline for motions to amend pleadings is Feb. 26, 2016). Although it would appear, in light of the rulings

before Judge Hornak in <u>Duchene v. Westlake Services, L.L.C.</u>, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015). *See id.*; *see also* Compl. in <u>Duchene</u>, Doc. 1 in Civil Action No. 13-1577, at ¶¶ 42, 47 & Wherefore clause (claiming statutory damages only).

Finally, given the pendency, until now, of Defendant's request for a stay, the consented Motion (**Doc. 27**) to extend the ADR-deadline is **GRANTED**. The deadline for ADR is extended until **February 12, 2016**, and the other deadlines in the CMO remain unaffected.

IT IS SO ORDERED


January 12, 2016                                           s\Cathy Bissoon
                                                               Cathy Bissoon
                                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

above, that additional averments of injury-in-fact are unnecessary, the decision whether to seek leave to amend is a matter reserved to the judgment of Plaintiff's counsel.