# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-867 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ALLY FINANCIAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant's Motion for Summary Judgment (Doc. 69) will be granted in part and denied in part. Specifically, the Motion will be granted regarding Defendant's Counterclaim, and summary judgment will be entered, in favor of Defendant and against Plaintiff, as to liability, with the amount of damages to be determined at trial. Defendant's Motion for Summary Judgment will be denied as to Plaintiff's TCPA claims. Finally, Defendant's Motions regarding supplementation of the record (Docs. 73 & 76) will be granted, although this does not change the substance of the Court's other determinations.

Defendant's Counterclaim seeks to recover the value of the vehicle that Plaintiff ceased making payments on, and then "totaled." Plaintiff does not dispute liability, but quibbles with Defendant's proofs as to damages. *See* Pl.'s Opp'n (Doc. 71) at 9. Defendant's opening-brief and evidence did not meaningfully address the precise amount owed by Plaintiff (although it seems inevitable that the final tally will be slightly-in-excess of $20,000), and the Court does not believe it properly can reach a final determination based on Defendant's submissions in reply. Accordingly, summary judgment will be entered as to liability, and the final amount of the Counterclaim judgment will be determined at trial.

As to Plaintiff's TCPA claim, the Court agrees with his counsel that disputed issues of material fact remain regarding the revocation of consent. Defendant initially sought summary judgment under the "no reasonable juror" standard, and although the constellation of largely undisputed facts-presented comes awfully close,[1] it falls just short. Plaintiff has testified that he verbally-revoked consent in September 2014, and, although Defendant says this is inconsistent with its records, a credibility determination is required to know which side to credit (*i.e.*, Plaintiff's sworn statements versus the completeness and accuracy of Defendant's records). *Cf., e.g.*, Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d 51, 55 (2d Cir. June 22, 2017) (reversing district court's grant of summary judgment regarding revocation-of-consent, finding that court engaged in impermissible credibility determinations). Furthermore, it appears undisputed that Defendant continued to contact Plaintiff after his counsel sent a cease-and-desist letter in April 2015. *See* Pl.'s Opp'n (Doc. 71) at 7-8. Although Defendant retorts that Plaintiff's counsel sent the letter to the wrong address (*i.e.*, the Ally-corporate family's "General Bank Correspondence" address, as opposed to the account-inquiry address), the Court cannot imagine how this discrepancy properly may be read in *Defendant's* favor as relates to summary judgment. *Cf.* Reyes at 55 (rejecting district court's reliance on the fact that the plaintiff could "not recall the address" to which he purportedly mailed a revocation-letter).[2]

---

[1] *See* Def.'s Br. (Doc. 70) at 9 (citing record evidence indicating that Plaintiff was in regular communication with Defendant regarding his vehicle-loan; as a result, Defendant assisted him with terms of repayment and gave him 58 payment-extensions; and in June 2015, Plaintiff specifically instructed Defendant to contact him on the cellular-telephone number in question).

[2] Accepting Defendant's "wrong address" argument would appear to invite line-drawing difficulties, *e.g.*, what if a corporate-defendant demonstrated that the plaintiff's attempted verbal-withdrawal of consent was uttered to a corporate-representative obviously lacking the authority or knowhow to remove the person's telephone-number from the company's system? While the aptness of this analogy may be debated, it emphasizes the difficulties associated with attempting to resolve such matters, as a matter of law, on summary judgment.

Under the circumstances, the Court is constrained to deny Defendant's request for summary judgment regarding the TCPA. Any impressions regarding the believability of the evidence notwithstanding, the Court cannot usurp the role of the jury.[3]

Finally, the Court declines to apply the Court of Appeals for the Second Circuit's holding in Reyes, under the circumstances presented. To be sure, the Court is less-than-enamored with Plaintiff counsels' technicality-tinged objections to Defendant's requests to supplement the record to reflect the (post-briefing) issuance of Reyes. While it may be true that Defense counsel could have advanced the same arguments in its absence, the issuance of a precedential Court of Appeals decision certainly changes the larger legal-landscape.

Nevertheless, the Court is not entirely persuaded by Defendant's (and the Reyes's Court's) efforts to distinguish the binding, Third Circuit precedent in Gager v. Dell Financial Services. *Id.*, 727 F.3d 265 (3d Cir. 2013). Gager is one of the strongest statements, in terms of interpreting revocation-of-consent consistently with the remedial purposes of the TCPA; and the Court cannot lightly cast-aside language in Gager supporting a contrary conclusion. *Compare* Reyes at 56-59 (finding that consent-to-be-called was an "essential," "bargained-for [term of] consideration in a bilateral contract" that could not be unilaterally revoked) *with* Gager at 273-74 (holding that a debatably-similar consent provision "plainly [was] not an essential term,"

---

[3] Given the seeming weaknesses of Plaintiff's positions, not to mention his substantial counterclaim-liability, one may question his decision to proceed to a jury-trial. While the annoyance of unwanted telephone calls is a part of the modern human condition, certainly not-everyone would endorse the prospect of using the TCPA as a "sword," rather than a "shield," to leverage one's collections-position regarding monies admittedly owed. Perhaps this is why, on the eve of his deadline for opposing summary judgment, Plaintiff's counsel contacted Chambers asking for another round of court-facilitated settlement negotiations. The entreaty was rejected, given that Defendant did not join it, and because the Court (and Defendant) not-long-before had expended substantial good-faith efforts to settle the case. Whether, and the extent to which, a desire for attorney fees (and, perhaps, face-saving) has been weighed against the best interests of the Plaintiff, the litigants remain where the aforementioned decisions leave them.

3

and that, "[m]ore importantly, [the company's] argument that its contractual relationship with [the customer] somehow waive[d] her rights under the TCPA is incorrect") (emphasis added); *see also, e.g.*, Wright v. Target Corp., 2015 WL 8751582, *7 (D. Minn. Dec. 14, 2015) (rejecting "bilateral-contract" argument, later endorsed in Reyes, in reliance on Gager).[4]

For the reasons above, it hereby is ORDERED that: Defendant's Motion for Summary Judgment (*see* **Doc. 69**) is **GRANTED** regarding its Counterclaim, and **JUDGMENT IS ENTERED, IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF**, as to liability, with the final damage-amount to be determined at trial; Defendant's summary-judgment request regarding the TCPA is (*see* **Doc. 69**) is **DENIED**; and Defendants' Motions (**Docs. 73 & 76**) regarding supplementation are **GRANTED**.

IT IS SO ORDERED.


September 5, 2017                              s\Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[4] Admittedly, the detailed common-law and statutory interpretations in Reyes are not without logical appeal, and they appear at least somewhat persuasive. Honestly, it is difficult to predict whether the Court of Appeals for the Third Circuit would, or would not, find Reyes convincing (including the Second Circuit Court's purported harmonizing of its case with Gager). All the undersigned can say at this juncture is, Reyes reflects a potential sea-change in the area of TCPA-litigation, and the Court will not adopt it, through supplemental filings and at this late stage in the case, absent clearer indications in the law of this Circuit.